UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIE MCKAY, JR.,

                Plaintiff,

v.

                                        Case No. 08-14530

COMMISSIONER OF SOCIAL SECURITY,      Honorable Julian Abele Cook, Jr.

                Defendant.


ORDER

On October 24, 2008, the Plaintiff, Willie McKay, Jr., initiated his lawsuit on the basis of 42 U.S.C. § 405(g) in which he seeks to obtain a judicial review of a decision by the Defendant, the Commissioner of Social Security ("Commissioner"), to reject his application for disability insurance benefits and supplemental security income.

On March 20, 2009, McKay filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56(c).[1] Two months later, on May 20th, the Commissioner also filed a dispositive motion under the same Rule of Civil Procedure.  Both motions were referred to Magistrate Judge Charles E. Binder who submitted a report on July 27, 2009, in which he recommended that the Court (1) grant the Commissioner's motion for the entry of a summary judgment and (2) deny McKay's request

---

[1] Fed. R. Civ. P. 56(c) states, in part, that the Court should grant the "judgment sought . . . if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

1

for similar relief.

As of this date neither party has filed any objections to the now-pending report and recommendation.  For the reasons that have been set forth below, the Court adopts and incorporates Magistrate Judge Binder's report in its entirety.

I.

McKay, who was forty-two years old at the time of the most recent administrative hearing, has work experience of fifteen years as a truck driver, three years as a cab driver, and some experience as a bus driver.  He filed his claim for disability benefits on September 27, 2005, proffering an onset disability date of March 23, 2005.  However, when McKay's claim was denied, he requested de novo review by an administrative law judge.

The medical records in this case indicate that McKay has been treated for bipolar disorder and depression since 2004.  However, these same records also indicate that McKay had acknowledged in August 2003 that he did not require any assistance with routine daily activities, his relationships with family members, social friendships, and the like. Notwithstanding, McKay consistently maintained the need for assistance with household chores, maintaining an income, and managing his finances. In January 2004, McKay was hospitalized for a "manic" episode, pain in his left knee, as well as the failure to consume otherwise needed medication.  During the following year, he was hospitalized once again - over a period of nine days in April 2005 - for the treatment of his depression.

In December 2005, a psychiatric review technique diagnosed him with having a disturbance of mood, partial manic or depressive syndrome, and a bipolar syndrome with a history of episodic periods.  A second psychiatric review technique two months later (February 2006), confirmed the

2

earlier diagnosis. He also underwent a mental residual functional capacity assessment in July 2006 which found him to have a moderate limitation regarding his ability to (1) understand and remember detailed instructions, (2) carry out those instructions, (3) maintain a steady level of concentration for an extended period of time, and (4) interact appropriately with the general public.

During a hearing before the administrative law judge, McKay testified that he, after returning to work in September 2006, continued to be employed in a temporary position as a laborer.  In this capacity, McKay stated that it was his responsibility to separate metal from tires and the trash, utilize a shovel whenever necessary, and drive a wrecker motorized vehicle.

Based upon the medical evidence as well as McKay's testimony, Administrative Law Judge S. N. Willett asked the vocational expert whether a person with the applicant's employment background (1) could perform work that required only occasional public interaction, (2) had to perform his job assignments alone, and (3) was required to perform only simple, repetitive tasks, possessed the capacity to perform work within the national economy.  In response, the vocational expert testified that the hypothetical person, who had been described by the administrative law judge, could perform (1) McKay's prior work experience as a truck driver and (2) other jobs (e.g., janitor, laundry worker, dishwasher) that are found in significant numbers within the local and regional economy.  As a consequence, the administrative law judge rendered a decision on April 24, 2008 in which he concluded that McKay's application should be denied because he was not a "disabled person" within the meaning of the Social Security Act.

Thereafter, McKay filed a request for appellate review which was denied by the Appeals Council on August 29, 2008.  This denial turned the challenged decision by the administrative law

3

judge into the final decision of the Commissioner. This lawsuit followed.

II.

A disability has been defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). When evaluating a disability insurance benefit claim, Social Security regulations provide for a five-step inquiry. See 20 C.F.R. § 404.1520. The Sixth Circuit Court of Appeals has explained this analysis in the following manner:

> The claimant must first show that [he] is not engaged in substantial gainful activity. Next, the claimant must demonstrate that [he] has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that [he] is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

*Foster* v. *Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (internal citations omitted). If a claimant seeks a review of the Commissioner's denial of benefits, he must initiate a lawsuit in a federal district court pursuant to 42 U.S.C. § 405(g) which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

However, when reviewing a Social Security claimant's case under this statute, the district court is constrained to determine only if the administrative law judge (1) rendered a decision that is

4

supported by substantial evidence and (2) applied the correct legal standards. *Key* v. *Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The term, "substantial evidence" is described as being more than a scintilla of evidence but less than a preponderance of the evidence. Thus, it is the requisite amount of evidence that will enable a "reasonable mind [to] accept as adequate to support a conclusion." *Brainard* v. *Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Consolidated Edison Co.* v. *NLRB*, 305 U.S. 197, 229 (1938)). Moreover, the court must conduct its review on the basis of the record and not attempt to (1) evaluate the merits of the case on a de novo basis, (2) "make credibility determinations," or (3) "weigh the evidence." *Id.* (citing *Reynolds* v. *Sec'y of Health & Human Servs.*, 707 F.2d 927 (6th Cir. 1983).

III.

In his pursuit for benefits from the Social Security Administration, McKay submits that the Commissioner did not have substantial evidence upon which to justify a denial of benefits to him. Relying upon the record, he proclaims that the administrative law judge (1) proffered an inaccurate and incomplete hypothetical question to the vocational expert witness, (2) erred when he concluded that there was sufficient evidence in the record with which to support a finding that McKay possessed the capacity to perform his prior employment, and (3) "fail[ed] to ask the vocational expert whether his testimony was consistent with the [Dictionary of Occupational Titles]" ("DOT").

The Commissioner disagrees with all of the arguments by McKay, who has arguably failed to raise any points which would warrant a grant of benefits. More specifically, the Commissioner contends that there is ample evidence in the record which would support a finding that McKay has the capacity to perform jobs within the local and regional economy

5

As to the administrative law judge's failure to mention the DOT, the Commissioner urges the Court to treat such an omission as a harmless error because McKay has not argued that the testimony of the vocational expert conflicted in any way with the statutory provisions of the DOT. In addressing McKay's contention that in those situations where the administrative law judge poses a hypothetical question which accurately represents the physical and mental constraints of a claimant, the testimony from the responding vocational expert witness constitutes substantial evidence to support a final determination by the Commissioner. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The hypothetical question "need only include the alleged limitations of the claimant that the [administrative law judge ] accepts as credible and that are supported by the evidence." *Delgado v. Commissioner of Soc. Sec.*, 30 Fed. Appx. 542, 548 (6th Cir. 2002) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Moreover, the administrative law judge's hypothetical questions to the vocational expert are not required to include the claimant's medical conditions - only the "[administrative law judge]'s assessment of what [the claimant] can and cannot do." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).

IV.

The Court agrees with Magistrate Judge Binder who concluded that there is substantial evidence in the record to support the ultimate decision by the Commissioner. The medical records clearly support the administrative law judge's determination that McKay is capable to performing simple, repetitive work. The Commissioner correctly noted that the vocational expert testified that a person who could perform work which required only minimal public contact and the execution of simple, repetitive tasks could be employed as a truck driver - a job that McKay had performed for

6

many years

However, assuming, *arguendo*, that the administrative law judge erred in finding that McKay is able to perform his previous work as a truck driver, the administrative law judge rendered an alternate finding which is supported by substantial evidence; namely, that McKay could perform a number of jobs in the local and regional economy. McKay contends that he cannot perform simple, repetitive tasks due to the moderate limitations in his concentration, persistence, and pace. However, there is substantial evidence on the record to suggest that despite these limitations, McKay could perform simple, low-skill tasks.[2] The Commissioner notes that the Sixth Circuit Court of Appeals held recently that a claimant who was found to have moderate limitations in comprehension, recollection and concentration (similar to McKay's limitations), could nevertheless perform unskilled labor. *See Infantado v. Astrue*, 263 Fed. Appx. 469, 477 (6th Cir. 2008). *Infantado* is instructive in this case, and the Court is persuaded that the administrative law judge did not err in finding that McKay, despite his limitations, could perform simple, repetitive tasks.

Finally, McKay asserts that inasmuch as the administrative law judge did not ask the vocational expert whether his testimony was consistent with the DOT, the Commissioner's opinion on this issue is incorrect.. Rule 00-4p of the Social Security Act requires the administrative law judge to ask the vocational expert if the evidence conflicts with the DOT. SSR 00-4p. However, as Magistrate Judge Binder noted, McKay did not argue that the vocational expert's testimony was inconsistent with the DOT. Thus, the administrative law judge's omission is not an error which requires a reversal or a remand. *See Martin v. Comm'r of Soc. Sec.*, 170 Fed. Appx.369, 374 (6th Cir.

---

[2]McKay stated during the hearing before the administrative law judge that he had worked as a general laborer.

2006) (administrative law judge who was unaware of any conflict between vocational expert's testimony and DOT was not required to explain how conflict was resolved); *Winstead v. Comm'r*, 2008 U.S. Dist. LEXIS 23418, at *22-24 (S.D. Ohio Mar. 25, 2008) (even where evidence may be in conflict with the DOT, it is up to the administrative law judge to decide whether the vocational expert's testimony reflects the applicant's physical and mental capabilities and district courts are to "defer heavily to such findings").

IV.

Accordingly and for the reasons stated above, the Court adopts Magistrate Judge Binder's recommendation and, in so doing, (1) grants the Commissioner's motion for summary judgment and (2) denies McKay's request for similar relief.

IT IS SO ORDERED.

Dated:  January 25, 2010                           S/Julian Abele Cook, Jr.
            Detroit, Michigan                           JULIAN ABELE COOK, JR.
                                                                United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 25, 2010.

s/ Kay Doaks
Case Manager